IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEODORE HEINEMANN,

    Plaintiff,                    No. 2:12-cv-2520 LKK DAD PS

    vs.

M. WILLIAMS,                         <u>ORDER</u>

    Defendant.

_____/

        This action was transferred from the U.S. District Court for the Northern District of California to this court on October 9, 2012.  Plaintiff Theodore Heineman is proceeding pro se.  The action has therefore been referred to the undersigned pursuant to Local Rule 302(c)(21) for all purposes encompassed by that rule.

        On November 9, 2012, the undersigned issued an order setting a Status (Pretrial Scheduling) Conference in this matter for January 4, 2013.  (Doc. No. 27.)  Pursuant to that order, plaintiff was to file a status report on or before December 21, 2012, and was cautioned that failure to file a status report may result in an order imposing an appropriate sanction.  Nonetheless, plaintiff has failed to file a timely status report.  Absent plaintiff's status report, the Court will not proceed with the January 4, 2013 Status (Pretrial Scheduling) Conference.

/////

1

1       The court also notes that on December 24, 2012, defendant Williams filed a motion to dismiss this action and noticed that motion for hearing before the undersigned on February 1, 2013.  (Doc. No. 28.)  In light of the now pending motion to dismiss, it would be premature to hold a Status (Pretrial Scheduling) Conference.

       Good cause appearing, IT IS HEREBY ORDERED that the Status (Pretrial Scheduling) Conference set for January 4, 2013, at 10:00 a.m. before the undersigned is vacated.[1]

DATED: January 2, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\heinemann2520.vac.statconf

---

[1] With respect to the February 1, 2013 hearing of defendant's motion to dismiss, plaintiff is advised that pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."  Local Rule 230(c).  "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  Id.  Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written opposition that was timely filed, in the discretion of the court, or may result in the imposition of sanctions.  Local Rule 230(i).  Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.