1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THEODORE HEINEMANN,

11          Plaintiff,                    No. 2:12-cv-2520 LKK DAD PS

12      vs.

13   M. WILLIAMS,                    <u>FINDINGS AND RECOMMENDATIONS</u>

14          Defendant.

15   _____/

16          This action was transferred from the U.S. District Court for the Northern District

17   of California to this court on October 9, 2012.  Plaintiff Theodore Heineman is proceeding pro

18   se.  The action has therefore been referred to the undersigned pursuant to Local Rule 302(c)(21)

19   for all purposes encompassed by that rule.

20          This matter came before the court on February 1, 2013, for hearing of defendant's

21   motion to dismiss.  Troy Overton, Esq. appeared for defendant M. Williams.  Despite being

22   served with notice of the motion plaintiff did not file written opposition or a statement of non-

23   opposition to the motion to dismiss and did not appear at the hearing of the motion, nor did

24   anyone appear on his behalf.

25          Accordingly, on February 4, 2013, the undersigned ordered plaintiff to show cause

26   in writing within twenty-one days as to why this action should not be dismissed for lack of

1

1  prosecution.  (Doc. No. 37 at 2.)  Plaintiff was cautioned that failure to file a written response to

2  that order would result in the undersigned recommending that this matter be dismissed.  (Id.)

3  Nonetheless, the time for plaintiff to respond has expired and plaintiff has not responded to the

4  court's order in any way.[1]

5                                                ANALYSIS

6          The factors to be weighed in determining whether to dismiss a case for lack of

7  prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the

8  court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy

9  favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v.

10  City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260

11  (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty

12  that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963

13  F.2d 1260.

14          Under the Local Rules of Practice for the United States District Court for the

15  Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing

16  and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued)

17  hearing date."  Local Rule 230(c).  "No party will be entitled to be heard in opposition to a

18  motion at oral arguments if opposition to the motion has not been timely filed by that party."  Id.

19  Failure to appear at the hearing of a properly noticed motion may, in the discretion of the court,

20  be deemed withdrawal of any written opposition that was timely filed, or may result in sanctions.

21  Local Rule 230(i).

22  /////

23

24          [1]  Although it appears from the docket that plaintiff's copy of the February 4, 2013 order
     to show cause was returned to the court by the U.S. Postal Service as unclaimed, plaintiff was
25  properly served.  In this regard, it is the plaintiff's responsibility to keep the court apprised of his
     current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record
26  address of the party is fully effective.

1        Failure of a party to comply with the Local Rules or any order of the court "may

2   be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

3   within the inherent power of the Court." Local Rule 110.  Any individual representing himself or

4   herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the

5   Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with

6   applicable rules and law may be grounds for dismissal or any other sanction appropriate under

7   the Local Rules.  Id.

8        Here, plaintiff has failed to file a timely response to defendant's motion to dismiss

9   and failed to appear at the hearing of the properly noticed motion, in violation of multiple

10  provisions of Local Rule 230.  The court issued an order to show cause that provided plaintiff

11  with yet another opportunity to show good cause for his failure to respond to defendant's motion

12  but plaintiff failed to respond in any way.  The order to show cause warned plaintiff that failure

13  to file a written response to the order to show cause would result in a recommendation that this

14  matter be dismissed.

15       Plaintiff's lack of prosecution of this case renders the imposition of monetary

16  sanctions futile, and the public interest in expeditious resolution of litigation, the court's need to

17  manage its docket, and the risk of prejudice to the defendant all support the sanction of dismissal.

18  Only the public policy favoring disposition on the merits counsels against dismissal.  However,

19  plaintiff's failure to prosecute the action in any way makes disposition on the merits an

20  impossibility.  The undersigned will therefore recommend that this action be dismissed due to

21  plaintiff's failure to prosecute as well as his failure to comply with the court's orders.  See Fed.

22  R. Civ. P. 41(b).

23       Accordingly, IT IS HEREBY RECOMMENDED that:

24       1.  Defendant's December 24, 2012 motion to dismiss (Doc. No 28) be denied as

25  moot;

26  /////

3

2.   Plaintiff's claims be dismissed without prejudice due to lack of prosecution, as evidenced by plaintiff's failure to file opposition or a statement of non-opposition to the motion to dismiss filed on behalf of the defendant, failure to appear at the hearing of the motion to dismiss, and failure to file a response to the order to show cause; and

3.   This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 2, 2013.

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\heinemann2520.dlop.f&rs